IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

A.W., a minor, through his parent and next
friend, and LEE WISE                                                              PLAINTIFFS

v.                            No. 4:24-cv-1106-DPM

PINE BLUFF SCHOOL DISTRICT;
JENNIFER BARBAREE, individually and
in her official capacity as Superintendent;
TIMOTHY SCOTT, individually and in
his official capacity as Principal of
Broadmoor Elementary School; ANDREA
WRIGHT, individually and in her official
capacity as an employee of Broadmoor
Elementary School; MONICA NORFUL,
individually and in her official capacity as
an employee of Broadmoor Elementary
School; FASEEIA PRESTON,
individually and in her official capacity as
a State of Arkansas employee; and
ARKANSAS DEPARTMENT OF
HEALTH                                                                             DEFENDANTS

ORDER

No child likes to get a shot. No parent wants their child to get a shot without their consent. That unfortunately happened, which is how we got here.

It was flu shot day at Broadmoor Elementary. A.W. wasn't supposed to get one. Lee Wise, A.W.'s father, hadn't consented. But

Monica Norful, a health aide, mistakenly called on A.W. to report to the nurse's office. Andrea Wright, A.W.'s teacher, didn't speak up. And Nurse Faseeia Preston administered the shot. A.W. and Lee say that this sort of thing has happened before at Broadmoor. So, they sued everyone involved, bringing constitutional and state law claims. The Pine Bluff defendants move for summary judgment.

\*

Lee and A.W. argue that the Court should postpone ruling on the merits until they can conduct discovery. It's true that the motion was filed early in the case. Little discovery has been done. But the undisputed material facts come from what's alleged in the third amended complaint. (With one exception, the affidavit and payroll records attached to the motion deal with issues that aren't essential to deciding summary judgment. The Court hasn't considered those materials, except as specified later in this Order.) And their lawyer's supporting declaration doesn't set forth "the specific facts that they hope to elicit from further discovery" and how "these sought-after facts are essential to resist the summary judgment motion." *Marlow v. City of Clarendon*, 78 F.4th 410, 416 (8th Cir. 2023) (quotation omitted). Their Rule 56(d) motion, *Doc. 27*, is denied. *Marlow*, 78 F.4th at 416–17.

\*

A.W. and Lee say that their substantive due process rights were violated. To prevail, they must show that each defendant violated one or more of their fundamental constitutional rights and that the defendants' conduct was shocking to the contemporary conscience. *Torgerson v. Roberts County of South Dakota*, 139 F.4th 638, 644 (8th Cir. 2025).

A.W. had a liberty interest in refusing an unwanted flu shot, though it isn't clear that A.W. actually refused the shot. *Cruzan by Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261, 279 n.7 (1990); *Washington v. Harper*, 494 U.S. 210, 229 (1990); *Buckley v. Hennepin County*, 9 F.4th 757, 762–63 (8th Cir. 2021). The Court assumes without deciding that Lee had a liberty interest in withholding consent on his child's behalf. *Mitchell v. Dakota County Social Services*, 959 F.3d 887, 897 (8th Cir. 2020); *but see Brandt by & through Brandt v. Griffin*, 147 F.4th 867, 885–87 (8th Cir. 2025) (*en banc*). Both A.W. and Lee's constitutional claims fail, though, because no defendant's conduct shocked the conscience. *B.A.B., Jr. v. Board of Education of City of St. Louis*, 698 F.3d 1037, 1040–41 (8th Cir. 2012). This vaccination shouldn't have happened. A.W. and Lee are understandably upset. But their due process rights were not violated.

\*

A.W. and Lee bring two state law claims against the Pine Bluff defendants. One they style as "negligent infliction of emotional distress (outrage)." *Doc. 21 at 6-7.* Arkansas does not recognize a tort for the negligent infliction of emotional distress. *Dowty v. Riggs*, 2010 Ark. 465, at 6–11, 385 S.W.3d 117, 120–23. The tort of outrage is the intentional infliction of emotional distress. *Duggar v. City of Springdale*, 2020 Ark. App. 220, at 10, 599 S.W.3d 672, 682. And, viewing the evidence in the light most favorable to A.W. and Lee, none of the Pine Bluff defendants' conduct was "beyond all possible bounds of decency." *Ibid; see also B.A.B.*, 698 F.3d at 1040–41.

Their other claim is for negligence. The Pine Bluff defendants are immune absent any insurance coverage. Ark. Code Ann. § 21-9-301. They've submitted an affidavit saying that there isn't any (this is the exception mentioned earlier). *Doc. 24-1 at 1.* A.W. and Lee haven't met proof with proof. The Pine Bluff defendants are therefore entitled to summary judgment.

\*

Motion for summary judgment, *Doc. 24*, granted. The Court directs the Clerk to terminate the Pine Bluff School District, Jennifer Barbaree, Timothy Scott, Andrea Wright, and Monica Norful as defendants.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 December 2025